JOSÉ S. GARCÍA ET UX., Plaintiffs and Appellees, *v.* AMÉRICO FIGUEROA ET AL., Defendants and Appellants.

No. 12553. Decided April 25, 1962.

*Francisco M. Susoni* for appellants. *Rodríguez Ema & Rodríguez Ramón* for appellees.

Division composed of Mr. Justice Pérez Pimentel as Chief Judge of Division, Mr. Justice Santana Becerra and Mr. Justice Rigau.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Appellees filed a complaint of legal redemption by co-owners against appellants. They alleged in the complaint

that they are owners of an interest equivalent to 32.90% of a lot located in the southern section of the ward of San-turce of San Juan, which interest they acquired by public deed executed in 1955; that by the same deed Horacio, Rosa Camelia and América Figueroa Rivera, each acquired an interest of 1.31%, 2.94% and 31.01% respectively, of said property; that defendants (appellants herein) attached the interests owned by the aforesaid Horacio, Rosa Camelia, and América Figueroa, and they sold them by public auction held on July 1, 1957 in execution of judgment rendered in favor of the aforesaid defendants in civil case No. 55-2425 by the San Juan Part of the Superior Court, the above mentioned interest having been adjudicated to defendants as only bid-ders, for the sum of $500, the corresponding deed of judicial sale having been executed on August 16, 1957; that as co-owners of the above-mentioned property plaintiffs exercise their right of legal redemption for the auctioned property and object of judicial sale in favor of defendants, and deposit in court the sum of $500 at the disposal of defendants, bind-ing themselves to pay any expenses incurred in the execution of the deed of legal redemption, as well as any other legitimate expense which might be proper. They finally alleged that they bind themselves not to sell the interests redeemed during the term of four years.

Defendants answered accepting some facts and denying others. In opposition and as defense they alleged that the successful bidders in the auction to which the complaint refers are brothers and sisters of the coplaintiff Adriana Figueroa Rivera and that the property which was auctioned belonged to the predecessor of the aforesaid coplaintiff and of defend-ants, the deceased José Víctor Figueroa, the latter, therefore being the heirs of the aforesaid predecessor; that the award of the property in favor of defendants herein was precisely to a suit for the recovery of the hereditary share which cor-respond to them in the estate of their predecessor, the afore-

said José Víctor Figueroa; defendants herein being plaintiffs in another action for nullity and other reliefs which they were forced to file in connection with their inheritance share and which action also involved, among others the real property of the present appeal; that under such circumstances defendants are not strangers in the sense to which the Civil Code refers, since they are co-owners in the above-mentioned property.

Plaintiffs then filed a motion for summary judgment and attached to it an affidavit of plaintiff José S. García. In this affidavit Mr. García declares that he deposited in the Clerk's office of the Superior Court, San Juan Part, and in favor of the defendants the sum of $500; that said deposit was made on behalf of his wife and his own, and as co-owner of the property described in the complaint and as a prerequisite to exercise the right of legal redemption of the interests belonging to defendants; that he bound himself to pay the expenses incurred in the execution of the deed of redemption in his favor and his wife's, as well as any other legitimate expense which might be proper for the purposes of reedeming said interests, binding himself also not to sell said interests, once redeemed, during the term of four years from the date of the complaint.

Defendants opposed said motion on the following grounds:

"1.—Because the defendants, who were adjudicated the property at the auction are not strangers to the proceeding inasmuch as they are direct heirs, and in the same status and condition as coplaintiff Adriana Figueroa Rivera, of the predecessor José Víctor Figueroa.

"2.—Because defendants appearing herein acquired at public auction the immovable, object of this action in judicial proceeding, in which the transfer made by the predecessor of coplaintiff Adriana Figueroa Rivera of property which belonged to him in favor of some of his children in preference to others, was precisely challenged successfully, and since the defendants in the proceeding by virtue of which this property was acquired in public

auction, are the brothers and sisters of defendants herein and of coplaintiff herein Adriana Figueroa Rivera, they are all the Heirs of José Víctor Figueroa.

"3.—Because the complaint in this case does not specify whether the action is exercised by virtue of § 1412 of the Civil Code of Puerto Rico, (1930 ed.) (Legal Redemption), or of § 1020 of the same legal body; but even in this case, that is, in that of the subrogation mentioned in § 1020 *supra*, summary judgment would not lie either, inasmuch as the vendors as, well as the purchasers in the public sale, are heirs of the predecessor and the property sold belonged to the predecessor of the successful bidders and of coplaintiff Adriana Figueroa Rivera." (T.R. pp. 12 and 13.)

In support of their opposition the defendants also presented a sworn statement by Américo Figueroa and also the records of the cases Nos. 49-3172; 55-2425 and 57-3306.

In his sworn statement Américo Figueroa declared:

"1.—That on February 21, 1951, together with my brothers and sisters Alejandro, Carmín, Oceanía, Carmen María, Esteban, the minors Gloria, Ariel, Teresa, Raúl, Blanca Iris and José Celso, in representation of their deceased father José, all surnamed Figueroa, filed in the Superior Court of Puerto Rico, San Juan Part, an amended complaint for Nullity, in Civil Case No. 49-3172, prosecuted in said Court, against Adriana Figueroa and her husband José S. García, América Figueroa, Rosa Camelia Figueroa, Ana Rosa Figueroa and her husband Rafael Bernahola, María Teresa Figueroa and her husband Octavio Santi, Juan Figueroa and his wife Aida Martín, Carmen Caballero widow of Martín, Irene Olivero, Valentín Rivera Rivera, Horacio Figueroa Rivera, Juana Figueroa Martínez, Virginia Figueroa Camacho, Nereida Figueroa and Arminda Figueroa Correa.

"2.—That the above-mentioned defendants are plaintiffs' other brothers and sisters and their spouses, and those persons who directly intervened in the action or contract the annulment of which was requested from the court in civil case No. 49-3172, *supra*.

"3.—That in paragraphs nine, ten and eleven of the fifth cause of action of the aforesaid amended complaint for Nullity plaintiffs therein alleged the following:

'9. That likewise and in the same manner coplaintiff Juan Figueroa recorded in the Registry of Property, at folio 60 back. of vol. 46 of South Santurce, under No. 2696, sixth inscription,. deed No. 6, executed on September 21, 1932 before Notary Ismael Soldevila, by virtue of which he acquired from Irene Olivero, defendant herein, the following immovable:

'Urban: Lot located in the Southern Section of the ward of Santurce of this city consisting of three hundred thirty-seven and thirty hundredths square meters bounded on the north along nineteen meters by the property of Domingo Aragonés; on the south along nineteen meters by La Palma Street on the west along seventeen meters by José Víctor Figueroa and on the east, along eighteen meters, forty centimeters by Buena Vista Street. It has three two-story buildings, two of them having the lower story in concrete and the second floors, in wood and the other all wood.

'10. That codefendant Irene Olivero acquired the immovable described above by simulated purchase from José Víctor Figueroa, by virtue of deed No. 1 of January 7, 1925 before Notary Alberto Marín.

'11. That defendant Juan Figueroa, in conspiracy with defendant Irene Olivero, with his deceased father José Víctor Figueroa and with the rest of defendants herein acquired the immovable described above knowing that its title was simulated and fraudulent and that the transaction was carried out for the purpose of defrauding plaintiffs herein.'

"4.—That on February 12, 1954, deponent herein and his brothers and sisters also plaintiffs in the aforesaid suit No. 49-3172, for the purpose of harmonizing with defendants putting an end to said action for Nullity, executed a private agreement of Assignment of Hereditary Title with codefendants Juan, Horacio, América and Rosa Camelia, surnamed Figueroa Rivera, a copy of which is attached to this statement so as to form part of the same.

"5.—That on May 7, 1954 Adriana Figueroa and her husband José S. García executed a Private Agreement of Assignment of Hereditary Titles with their other brothers and sisters Horacio, María Teresa, and Rosa Camelia surnamed Figueroa, which deed is attached to the record of Civil Case No. 57-3306 filed in the Superior Court of Puerto Rico, San Juan Part.

"6.—That the assignees in the afore-mentioned contract of February 12, 1954 did not comply with the terms thereof, for

which reason the assignors, my above-mentioned brothers and sisters and myself filed Civil Action No. 55–2425, which culminated in the adjudication in public auction in our favor of the interests that the assignees América, Horacio and Rosa Camelia Figueroa held in the property object of the action of Legal Redemption No. 57–3939.

"7.—That the assignees in the Private Agreement of the Assignment of Hereditary Titles of May 7, 1954 also failed to comply with the entire agreement although in partial compliance, the assignee Juan Figueroa Rivera assigned to his sisters Adriana, María Teresa, Rosa Camelia and his brother Horacio, the property object of the action of Legal Redemption No. 57–3939, the transferors José S. García and Adriana Figueroa also being compelled to file a complaint against assignees by Civil Case No. 57–3306 filed before the Superior Court of Puerto Rico, San Juan Part, to collect the balance of their property in the aforesaid Agreement.

"8.—That the interests acquired by Adriana Figueroa in the property object of the action of legal redemption, Civil Case No. 57–3939, as well as the interests acquired by public auction by defendants in the aforesaid action of Legal Redemption were in payment and as credit to their respective hereditary shares as direct heirs of José Víctor Figueroa." (T.R. pp. 15 to 19.)

Later, in a motion filed by defendants it was alleged that a summary judgment was not the proper proceeding to consider everything related to the nature of the property object of the action, particularly where by documents and judgment rolls presented in evidence both parties had accepted the hereditary nature of the property in litigation.

The trial court dismissed the motion for summary judgment but later it reconsidered its decision and rendered summary judgment in favor of plaintiffs sustaining the complaint of redemption. In this appeal defendants-appellants assign the following errors committed by the trial court:

"1. The Superior Court, San Juan Part, erred in maintaining that no genuine controversy of facts existed whatsoever in the case for the purposes of rendering a summary judgment under Rule No. 56 of the Rules of Civil Procedure.

"2. The Superior Court erred in maintaining that because defendants abandoned their action to establish their condition of heirs and consequently co-owners of the estate of their predecessor José Víctor Figueroa, they can not maintain or invoke such condition.

"3. The Superior Court, San Juan Part, erred in sustaining that defendants are 'strangers' in the concept used in the Civil Code in relation with the right of legal redemption (31 L.P.R.A. § 3922).

"4. The Superior Court, San Juan Part erred in rendering judgment sustaining the complaint."

Respecting the first error assigned, appellants' main contention is that a genuine controversy of fact exists as to whether or not they were strangers.

■ They are wrong. From the allegations as well as from the sworn statements and other documentary evidence introduced in support of and in opposition to the motion for summary judgment, no controversy of facts whatsoever arose preceding the public auction of the interests involved in the action. On the basis of these incontrovertible facts, the only thing which remained to be decided was the legal issue of whether or not defendants were strangers within the meaning of said term under § 1412 of the Civil Code of Puerto Rico (31 L.P.R.A. § 3922). If defendants were strangers, a summary judgment in favor of plaintiffs was appropriate, but if they were not it was proper to render summary judgment in favor of defendants.

That is precisely the issue raised in the other three errors. We do not believe they have been committed.

It is a true fact that plaintiffs as well as defendants were coheirs and consequently co-owners of the property object of this litigation upon the death of their predecessor, José Víctor Figueroa. However, by the private agreement executed on February 12, 1954 before Notary F. M. Susoni, Jr., defendants assigned and transferred in favor of Juan, Horacio Rafael, América, and Rosa Camelia, all surnamed Fi-

gueroa Rivera, the rights and shares which corresponded to the aforesaid defendants or that might correspond to them in the inheritance of their father, José Víctor Figueroa.

The price paid for this assignment was the transfer to the assignors of certain real and personal properties and money in cash.[1] The assignees partially complied with said agreement. Because of this defendants herein filed Civil Action No. 55–2425 in the San Juan Part of the Superior Court, against the assignees requesting that the latter be made to comply with the above-mentioned private agreement and to pay them the amount agreed upon as the price of the assignment. In said suit the Superior Court rendered judgment ordering defendants therein to pay plaintiffs the amounts agreed upon and also to execute the corresponding deeds of assignment of immovables as they had agreed upon. That judgment was affirmed by this Court. In execution of said judgment defendants herein attached the property object of the redemption and acquired it as bidders at the auction thereof.

The property in litigation, thus, was not adjudicated to defendants as their hereditary share in the estate of their predecessor, José Víctor Figueroa, rather they acquired it as creditor of Horacio, Rosa Camelia and América Figueroa Rivera. They did not acquire said property as heirs, but as bidders in the public auction held for its sale.

Section 1412 of the Civil Code (31 L.P.R.A. § 3922) provides:

"§ 3922. Redemption by co-owner of thing held in common
"A co-owner of a thing held in common may exercise the redemption in case the shares of all the other co-owners, or of any of them, are sold to a third party.

---

[1] In another private agreement Juan Figueroa Rivera bound himself to transfer the title of the immovable object of the redemption, in favor of Horacio, Rosa Camelia, and América Figueroa Rivera, the aforesaid obligation, having been fulfilled.

"When two or more co-owners wish to exercise the redemption, they shall only do so *pro rata* with regard to the share they have in the thing owned in common.—Civil Code, 1930, § 1412." (31 L.P.R.A. p. 304.)

█ █ The purpose of the above-mentioned provision is to try to put an end to the state of indivision. III PUIG BRUTAU, *Fundamentos de Derecho Civil* 603; 10 MANRESA, *Código Civil* 373 (5th ed.); *Zalduondo* v. *Iturregui*, 83 P.R.R. 1. That is why the aforesaid provision grants the co-owners the right to redeem if a sale is made to a stranger. Section 1412 does not define the term "stranger" but all the authorities agree that it is anyone who is not a co-owner. 10 MANRESA, *op. cit.*, p. 375; 23 SCAEVOLA, *Código Civil* 864; 4 COLIN Y CAPITANT 278; 2 CLEMENTE DE DIEGO, *Instituciones de Derecho Civil* 220; 27 *Enciclopedia Jurídica Española* 523. PUIG PEÑA states: "The concept of 'stranger' must be interpreted in a wide sense; and jurisprudence so declares that the father may so be in respect to the son in determined cases." (Judgment of July 3, 1908); III-1 PUIG PEÑA, *Derecho Civil* 497. In *Rosaly* v. *Ríos*, 63 P.R.R. 801 we adopted the same interpretation of the concept of "stranger". We stated in the aforesaid case, at page 811, that the meaning of stranger used in the Civil Code refers to all persons who are not joint owners or co-owners of a common thing, and we quoted from *Enciclopedia Jurídica*, in its article on *"Retracto de Comuneros"* where upon enumerating the requirements to exercise the right of redemption it states: "(c) that the alienation should be made in favor of a stranger, not a co-owner, for if it is made in favor of a co-owner, any redemption granted by reason of such transfer would be purposeless." We added besides that the ruling of this Court in the sense that "the heirs and successors of a decedent are not and may not be deemed third parties (*terceros*) with respect to obligations undertaken by the decedent" is not applicable to the cases of redemption in which it is only required that the purchaser be not a co-owner.

256

██ In the case at bar the fact that the parties are brothers and sisters and coheirs does not defeat the action of redemption. What matters is that at the moment of filing the action the purchaser be a stranger independently of whether in some occasion he was a co-owner or coheir. Even if appellants were considered as coheirs of appellees, which they are not because they assigned their rights, the action brought in this case is that of redemption of co-owners and not of redemption among coheirs. *Rivera* v. *Archevald*, 83 P.R.R. 582 (1961).

We conclude that defendants in this case were strangers under the Civil Code and that therefore the action of redemption brought by plaintiffs-appellees against them was appropriate.

Consequently the judgment rendered by the Superior Court will be affirmed.